# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5069

September Term, 2024

FILED ON: DECEMBER 20, 2024

FLETA CHRISTINA C. SABRA,

APPELLANT

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00681)

Before: RAO and CHILDS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's orders are **AFFIRMED.**

\* \* \*

**I.**

**A.**

Fleta Christina Cousin Sabra alleges that, in September 2015, agents of U.S. Customs and Border Patrol (CBP) mistreated her when she entered the United States from Mexico at a port-of-entry in Southern California with a family of Syrian asylum-seekers. Sabra subsequently filed a misconduct complaint with CBP. On May 5, 2017, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Sabra requested that CBP produce agency records relating to her

1

encounter with CBP officials and CBP's subsequent investigation of her misconduct complaint against those CBP officials. Sabra also sought expedited processing of her request.

**B.**

On March 9, 2020, Sabra commenced an action in the district court to compel CBP to search for and produce responsive records. Sabra moved for judgment on the pleadings, arguing that CBP had failed to respond to her request for expedited processing within the 10-day period required by FOIA. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

The district court denied Sabra's motion for judgment on the pleadings. Among other reasons, the district court found that judgment was unwarranted because CBP had begun to produce responsive records in the time since Sabra filed her complaint.

After producing all responsive records, CBP moved for summary judgment, filing an affidavit that described the agency's search process. The district court denied without prejudice CBP's motion for summary judgment, determining that the agency's affidavit had not averred that CBP had searched all locations likely to contain responsive materials. CBP again moved for summary judgment. CBP filed a supplemental affidavit stating that CBP had searched all locations likely to hold responsive records. The district court granted CBP's renewed motion for summary judgment, finding that the agency's supplemental affidavit described a search reasonably designed to produce responsive records.

Sabra then filed this appeal challenging the district court's denial of her motion for judgment on the pleadings as to the timeliness of CBP's response to Sabra's request for expedited processing. Sabra also challenges the district court's grant of summary judgment on the adequacy of CBP's search.

**C.**

We review *de novo* a district court's grant of summary judgment. *Kowal v. U.S. Dep't of Just.*, 107 F.4th 1018, 1027 (D.C. Cir. 2024). We also review *de novo* a denial of a motion for judgment on the pleadings. *Seed Co. Ltd. v. Westerman, Hattori, Daniels & Adrian, LLP*, 961 F.3d 1190, 1194 (D.C. Cir. 2020).

**II.**

We first consider the district court's denial of Sabra's motion for judgment on the pleadings. In cases involving FOIA, once an agency has "turned over all responsive documents," courts "lack authority to turn back the clock and compel the [agency] to hand them over faster." *Shapiro v. U.S. Dep't of Just.*, 40 F.4th 609, 615 (D.C. Cir. 2022). At the time the district court heard Sabra's motion for judgment on the pleadings, CBP was in the process of completing Sabra's request. Shortly thereafter, CBP made its first production of responsive records. When the district court ruled on Sabra's motion for judgment on the pleadings, CBP had already produced responsive records and therefore Sabra's motion was moot. Accordingly, the district court's denial

of judgment on the pleadings was proper.

**III.**

We next review the district court's grant of summary judgment in favor of CBP. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotations and citations omitted). To assess the adequacy of a search, a reviewing court will rely on "a reasonably detailed affidavit," describing the methods used by the agency to respond to the request. *Cabezas v. FBI*, 109 F.4th 596, 602 (D.C. Cir. 2024) (internal quotations omitted). An agency's affidavit is typically afforded a "presumption of good faith," unless "the plaintiff provides countervailing evidence as to the adequacy of the agency's search, or the record leaves substantial doubt as to the sufficiency of the search." *Id.* (internal quotations and citations omitted).

Sabra contends that CBP failed to conduct an adequate search because: (1) in part of its search, it employed search terms that were not reasonably calculated to produce responsive records; (2) it ignored positive indicia that the email inbox of then-Deputy CBP Commissioner Kevin McAleenan could have contained overlooked responsive records; (3) it did not search the records of the Office of Internal Affairs (OIA); and (4) it did not refer Sabra's request to other relevant components of the Department of Homeland Security (DHS). None of these claims raise substantial doubts regarding the adequacy of CBP's search.

*1. Inadequacy of search terms.* Sabra objects that the terms employed by CBP's Office of Information Technology (OIT) to search the email accounts of five CBP employees identified as potential witnesses to Sabra's encounter were not reasonably calculated to produce responsive records. The six terms employed, Sabra contends, did not all appear in the FOIA request. Further, Sabra claims that OIT did not use more pertinent search terms such as the case number assigned to the investigation of her complaint. Three terms used by CBP, "Sabra," "Cousinsabra," and "Cousin-Sabra," are iterations of Sabra's full name, Fleta Christina Cousin Sabra. The three other terms, variations on "Syria," captured documents that referred to the family that traveled with Sabra during the encounter at the port-of-entry. Sabra did not adequately explain why the terms employed by CBP were unreasonable and would not produce responsive records. Nor did Sabra clarify why using the investigation case number as a search term would have returned additional responsive documents.

*2. Positive indicia of overlooked responsive records.* Sabra argues that OIT should have run a thorough search of the former Deputy CBP Commissioner's inbox for potentially overlooked responsive records. Sabra relies on a September 2015 email (the McAleenan-Mack Email), which Megan Mack, the DHS Officer for Civil Rights and Civil Liberties at the time, sent to Commissioner McAleenan. The email, describing Sabra's complaint and allegations, was produced by CBP Office of Professional Responsibility's search of a database that held records pertaining to claims of employee misconduct and related investigations. Sabra's claim is speculative, as the McAleenan-Mack Email provided no clear indication that McAleenan's inbox

contained additional responsive records.

*3. Failure to search OIA records.* Sabra alleges that CBP failed to search all potentially responsive records, because it did not search OIA's records. Sabra ignores that CBP did search the records of OIA's successor agency, the Office of Professional Responsibility (OPR). Citing CBP's website, the district court's order properly took judicial notice of the fact that OIA's name had changed to OPR.

*4. Failure to refer request to other DHS components.* According to Sabra, DHS should have forwarded her FOIA request to the Office of Civil Rights and Civil Liberties and the Office of the Inspector General, because DHS regulations require components to reroute misdirected FOIA requests to the proper components. *See* 6 C.F.R. § 5.4(c) (2015). Sabra's request was not misdirected as CBP produced at least some records responsive to Sabra's request.

Accordingly, the district court did not err in concluding that CBP conducted an adequate search in response to Sabra's FOIA request.

\* \* \*

For the foregoing reasons, the district court's denial of judgment on the pleadings and grant of summary judgment are affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

4